UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DARRONS JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:25-CV-170-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| DEBORAH L. CASSITY, Warden, and EDWARD PERKINS, M.D., | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court upon the motion of defendant Edward Perkins, M.D., to dismiss the Amended Complaint[1] filed by plaintiff Darrons Johnson, or in the alternative for entry of summary judgment in his favor. [R. 15]. Johnson has not filed any response in opposition to the motion, and the deadline for him to do so passed long ago. The Court will dismiss Johnson's Amended Complaint for the reasons set forth below.

**I.**

Johnson was previously confined at the federal prison in Manchester, Kentucky. *See* [R. 7, p. 4]. On July 20, 2023, he fell from his top bunk, suffering injuries to his lip, forearm, and shin. *See* [R. 7, p. 2]; [R. 7-1, p. 1]. Johnson promptly received emergency medical care, and in the ensuing months he attended follow-up medical appointments with Dr. Edward Perkins as well as outside contract physicians. *See* [R. 1, pp. 3-6]. However, in early 2024 the Bureau of Prison's

[1] In his Amended Complaint, [R. 7], Johnson omitted much of the factual detail that he had set forth in his original handwritten complaint, [R. 1]. Upon initial screening, the Court "treat[ed] the original and the amended complaints as collectively constituting the operative pleading in this matter," both to afford a liberal construction to Johnson's *pro se* pleading and to facilitate review of his complaint. *See* [R. 8, p. 1 n.1]. The Court extends that treatment to its present analysis.

("BOP") Clinical Director declined a request by his outside treating physician to have surgery performed on Johnson's wrist and lip. *See id*. at 6.

In September 2023, Johnson filed an informal grievance regarding treatment for his wrist and lip. *See* [R. 7-1, p. 1]. When Johnson filed a formal grievance, the warden detailed at length the medical care he had received for his injury and denied the grievance for administrative purposes. *See id*. at 2-6. Johnson indicates that he filed an appeal to the regional office in December 2023, *see id*. at 7, and an appeal to the Central Office in July 2024, *see id*. at 8. However, Perkins has filed into the record the Declaration of Misty Shaw, a paralegal for the BOP, who indicates that Johnson's appeals to the regional and central offices were repeatedly rejected on procedural grounds. Despite being given opportunities to cure each of those defects, Johnson did not do so. *See* [R. 15-1, pp. 3–4, 11–13].

In his complaint, Johnson sues Dr. Perkins for damages and ancillary relief, asserting that he displayed deliberate indifference to his serious medical needs in violation of the Eighth Amendment. [R. 1, pp. 7–8].[2]

**II.**

Independent of (and in addition to) the Court's resolution of the grounds for dismissal set forth in Perkins's motion, the complaint will be dismissed without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b) because Johnson failed to respond to Perkins's dispositive motion. Dr. Perkins filed his motion to dismiss or alternatively for summary judgment on March 9, 2026. [R. 15]. The Court's Local Rules required Johnson to file a response within twenty-one (21) days, *see* LR 7.1(c), or by March 30, 2026. That deadline passed nearly five months ago, and Johnson has not responded in any way. Notably, when Johnson filed his amended

[2] The Court dismissed Johnson's claims against Warden Cassity upon initial screening. *See* [R. 8, p. 3–4].

complaint, he was housed at the Federal Correctional Institution in Forrest City, Arkansas. *See* [R. 7, p. 1]. That is where Perkins mailed his dispositive motion. *See* [R. 15, p. 24]. And no Order of the Court has been returned as undeliverable when mailed to that address. Further, the Bureau of Prisons' online Inmate Locator database, *see* https://www.bop.gov/inmateloc/, indicates that Johnson remains incarcerated at that location. The foregoing indicates the plaintiff's abandonment of his claims.

A federal court may dismiss a plaintiff's case for failure to prosecute "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Rwy. Co.*, 82 S. Ct. 1386, 1388 (1962); *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed. R. Civ. P. 41(b)] to enter a *sua sponte* order of dismissal."). Of course, dismissal is a harsh sanction to be applied only in the most serious cases. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).[3]

To determine whether dismissal is appropriate under Rule 41(b), the Court considers: "1) whether the plaintiff's claim was vexatious or fictitious; 2) whether the length of the delay indicates a desire not to prosecute; and 3) whether and to what extent the party, rather than counsel, was responsible for the delay." *Lovejoy*, 1994 WL 91814, at *2 (citing *Bishop v. Cross*, 790 F.2d 38, 39 (6th Cir. 1986)). The Court is unable to conclude that Johnson's claim is "vexatious" or "fictitious." However, an attachment to Johnson's own complaint sets forth in extensive detail the

[3] To be clear, while LR 7.1(c) permits the Court to grant a motion when the opposing party does not respond, the Sixth Circuit has indicated that "[a] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Lovejoy v. Owens*, 19 F. 3d 1433, 1994 WL 91814, at *1 (6th Cir. March 21, 1994) (*citing Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)). Compare *Humphrey v. U.S. Attorney Gen. Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion [to dismiss], then the district court may deem the plaintiff to have waived opposition to the motion.").

abundant medical care he was provided, powerfully undercutting his claim that Dr. Perkins was deliberately indifferent to his medical care. *See* [R. 7-1, p. 3–6]. More significant is Johnson's lengthy and continuing failure to respond to the motion for nearly five months. Such conduct strongly suggests that Johnson has abandoned his claims. And because Johnson is proceeding *pro se*, his failure to respond is clearly attributable to him rather than to counsel. Consideration of these factors supports dismissal of the case for failure to prosecute.

**III.**

Dr. Perkins's motion also establishes that Johnson failed to properly exhaust his administrative remedies. *See* [R. 15, p. 2–5]. Defendant does not allege that said failure is apparent from the face of Johnson's complaint; instead, he relies upon documentary proof and a declaration to establish Johnson's abandonment of the process. See [R. 15-1]. Where such materials are presented as grounds for decision upon the motion, the Court must treat this aspect of the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F. 3d 1102, 1104 (6th Cir. 2010).

When, as here, the nonmoving party decides not to file a response, the Court still holds "the moving party to the burden established by the plain language of [Civil] Rule 56." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 410 (6th Cir. 1992). In other words, the Court cannot "grant summary judgment in favor of the movant simply because the adverse party has not responded." *Carver*, 946 F.2d at 455. Instead, the Court must "examine the movant's motion for summary judgment to ensure that he has discharged [his] burden." *Id*. In performing its task, though, the Court may "rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate

facts which are 'uncontroverted.'" *Guarino*, 980 F.2d at 410. It need not "comb the record from the partisan perspective of an advocate for the [nonmoving] party." *Id*.

An inmate's failure to exhaust his administrative remedies is an affirmative defense that the defendants have the burden to plead and prove by a preponderance of the evidence. *Lamb v. Kendrick*, 52 F.4th 286, 292 (6th Cir. 2022); *see also Morgan v. Trierweiler*, 67 F.4th 362, 366 (6th Cir. 2023) ("Because defendants carry the burden of proof for exhaustion, they bear an initial summary judgment burden that is higher in that they must show that the record contains evidence satisfying their burden of persuasion and that no reasonable jury would be free to disbelieve it.") (internal quotation marks and citations omitted). "Summary judgment is appropriate only if defendants establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (*quoting* Fed. R. Civ. P. 56(a)). The Court must consider the evidence "in the light most favorable to the party opposing the motion.'" *Id*. (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). Nonetheless, the defendant can prevail if he can "prove that no reasonable jury could find that the plaintiff exhausted his administrative remedies." *Mattox v. Edelman*, 851 F. 3d 583, 590 (6th Cir. 2017) (*citing Surles v. Andison*, 678 F.3d 452, 455–56 (6th Cir. 2012)); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007).

Here, Johnson filed a formal grievance with the warden in October 2023 seeking treatment at an outside medical facility. *See* [R. 7-1, p. 2]. The warden denied that grievance in November 2023. *See id*. at 3–6. Johnson appealed to the regional office the following month, but the appeal was immediately rejected because he did not include a copy of the grievance he filed with the warden and because he submitted more than the one continuation page permitted. The regional office directed him to resubmit a proper appeal within ten days. *See* [R. 15-1, pp. 3–4, 11].

Johnson submitted a new appeal two weeks later, but it was promptly rejected because he again failed to include a copy of his grievance to the warden and he utilized the wrong form. The regional office again directed Johnson to resubmit a proper appeal within ten days. *See id. at* 3–4, 12. In January 2024, Johnson filed a third appeal to the regional office. That office apparently accepted that third appeal because in March 2024 it provided a "response for information or explanatory reasons only," a phrase indicative of a substantive response to Johnson's concerns but functioning as an administrative denial of his appeal. *See id*. Johnson apparently did not appeal to the Central Office until four months later, but the appeal was not rejected on that ground. Instead, the Central Office rejected the appeal because Johnson failed to include any of the prior grievances or appeals, or any responses thereto. The Central Office again directed Johnson to file a compliant appeal within fifteen days. *See id. at* 3–4, 13. Johnson never resubmitted his appeal to the Central Office. *See id*. at 4.

Federal law requires prisoners to "exhaust prison grievance procedures before filing suit." *Jones v. Bock*, 549 U.S. 199, 202 (2007) (*citing* 42 U.S.C. § 1997e(a)). And they must do so in full "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Sixth Circuit has made clear that a prisoner must complete the *entire* prison grievance process before filing suit:

> While we recognize that plaintiff made some attempts to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed. The plain language of the statute makes exhaustion a precondition to filing an action in federal court. ... The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.

*Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (citations omitted). While the record is plain that Johnson made meaningful efforts to follow the grievance process, it is equally clear that he abandoned that process at the doorstep of completion. This he may not do. *Liggett v. Mansfield*,

2009 WL 1392604, at *2-3 (E.D. Tenn. May 15, 2009) ("A prisoner who files a grievance but does not appeal to the highest possible administrative level, does not exhaust available administrative remedies." (*citing Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999))).

The complete exhaustion requirement requires a prisoner to cure procedural defects noted by prison officials as long as he is afforded the opportunity to do so. Johnson was given that chance; he declined to take it. This Court and others have consistently held that a prisoner's failure or refusal to correct readily curable defects during the grievance process constitutes an abandonment of the grievance process, not its completion. *Cf. Lee v. Benuelos*, 595 F. App'x 743, 746-47 (10th Cir. 2014) (holding *Bivens* claims unexhausted where prisoner disregarded Central Office's direction to re-file grievance with institution); *Boyd v. United States*, 396 F. App'x 793, 796 (3d Cir. 2010) (to like effect); *Thornton v. Daniels*, 554 F. App'x 762, 766–67 (10th Cir. 2014) (same); *Cantrall v. Chester*, 454 F. App'x 679, 680–81 (10th Cir. 2012). This Court has adhered to this rule. *Arzate-Miranda v. Farley*, No. 7: 11-CV-116-KKC, 2015 WL 520557, at *5 (E.D. Ky. Feb. 9, 2015) ("A rejection of an administrative remedy is not the same as the BOP having ruled on the merits of an administrative remedy. A prisoner's failure either to complete the exhaustion of administrative remedies and/or to cure the deficiencies with his administrative remedies constitutes a failure to exhaust."); *Odom v. Helton*, No. 0: 12-80-HRW, 2013 WL 4012889, 8 (E.D. Ky. Aug. 6, 2013); *see also Campbell v. Patton*, No. 0: 07-71-HRW, 2008 WL 559681, at *2 (E.D. Ky. Feb. 27, 2008).

In light of the foregoing, the Court finds that summary judgment is warranted because no reasonable jury could find that Johnson exhausted his administrative remedies. *Mattox*, 851 F. 3d at 590. Having done so, the Court does not reach the defendant's alternative arguments for dismissal.

Accordingly, it is **ORDERED** as follows:

1. The Motion to Dismiss, or in the Alternative for Summary Judgment, **[R. 15]**, is **GRANTED**.

2. The Amended Complaint, **[R. 7]**, is **DISMISSED**.

3. This matter is **STRICKEN** from the docket.

This the 1st day of September, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY